"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT L. BROWN, | ) | Case No. CV 05-3378-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## I. Procedural and Factual History

Plaintiff Robert L. Brown ("Plaintiff") seeks judicial review of the Commissioner's final decision denying his application for Social Security Disability Insurance benefits. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation ("JS") of disputed issues. The matter is ready for decision.

Plaintiff applied for Social Security Disability Insurance benefits on January 28, 2003, with a protective filing date of January 15, 2003. (Administrative Record ("AR") at 40). He alleges disability beginning

April 30, 2002, due to a lower back injury, varicose veins in the groin, as well as pain in lower back, groin, and legs. (AR at 16, 40, 66).

Plaintiff was born on October 8, 1945 and was 59 years old at the time of the administrative hearing. He has two years of college education and has worked for may years as a route driver, selling and delivering dairy products. (AR at 79, 17).

Plaintiff's applications was denied at the initial stages of the administrative process. (AR at 21). A de novo hearing was held on February 18, 2004 at which Plaintiff, represented by counsel, testified. (AR at 286-97). On April 29, 2004, the Administrative Law Judge ("ALJ") issued an unfavorable decision, finding that Plaintiff did not have a "severe" impairment within the meaning of the social security regulations, and was thus not disabled at any time through the date of her decision. (AR at 19); *see* 20 C.F.R. § 404.1520(c).

On March 24, 2005, the Appeals Council denied Plaintiff's request for review. (AR at 6). Plaintiff timely commenced this action for judicial review.

Plaintiff contends that the ALJ: (1) failed to provide legally sufficient reasons for rejecting his testimony concerning pain; (2) erroneously rejected the opinion of the treating physician; and (3) erroneously concluded that his impairments are not severe. He requests a remand for an award of benefits. The Commissioner disagrees and contends that the Commissioner's final decision be affirmed.

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contention regarding the ALJ's non-severity finding to be meritorious and remands this matter for

further proceedings consistent with this opinion.[1]

## II.  **Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole.  42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996).  It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720.  To determine whether substantial evidence supports a finding, the

---

[1] The court will only address the non-severity finding in detail. However, as noted above, Plaintiff also challenges the ALJ's determinations regarding the credibility of Plaintiff's testimony as well as the weight given to the opinion of Plaintiff's treating physician.  Because the ALJ erred by finding Plaintiff's impairment non-severe, the Court does not reach these remaining issues and will not decide whether these issues would independently require reversal.

However, the Court recommends that the ALJ reconsider these issues also when determining the merits of the application on remand.  A review of the record reveals that the ALJ failed to discuss Plaintiff's testimony and did not provide any reason for rejecting the testimony, let alone a "clear and convincing" reason.  Additionally, the ALJ did not provide a legally sufficient reason for rejecting the opinion of Plaintiff's treating physician.  In her decision, the ALJ rejected the opinion of the treating physician because the "doctor was hired for purposes of a workers' compensation case" and "[n]o medical tests were taken of the claimant and only a physical evaluation and the claimant's subjective complaints were used."  (AR at 18).  The ALJ's focus on the purpose for which treatment was obtained is irrelevant and improper. *Lester v. Charter*, 81 F.3d 821, 834 (9th Cir. 1995) (holding that the purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them).  Moreover, the medical records indicate an extensive treatment history with the treating physician and the affiliated clinic.

reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-21.

### III. **Discussion and Analysis**

After reviewing the parties' respective contentions and the record as a whole, the Court finds that the ALJ's conclusion that Plaintiff's impairments are not "severe" is not supported by substantial evidence. The existence of a severe impairment is demonstrated when the evidence establishes that the impairment has more than a minimal effect on an individual's ability to perform basic work activities. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. §§ 404.1521(a), 416.921(a). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs," which include physical functions such as walking, standing, sitting, pushing, carrying; capacities for seeing, hearing and speaking; understanding and remembering simple instructions; responding appropriately in a work setting; and dealing with changes in a work setting. 20 C.F.R. § 404.1521(b). The inquiry at this stage is "a de minimis screening device to dispose of groundless claims." *Smolen*, 80 F.3d at 1290 (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)). An impairment is not severe only if it is a slight abnormality with "no more than a minimal effect on an individual's ability to work." *See* SSR 85-28; *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988).

\\

Here, Plaintiff has offered sufficient evidence to indicate that his impairment has more than a minimal effect on his ability to perform work related functions.  Plaintiff had suffered from a back impairment for a lengthy period of time.  That impairment seems to have flared up and subsided for a number of years prior to the cessation of employment.  For example, the findings of an August 23, 1995 MRI of the lumbar spine were as follows:

> "L4-5 with disc narrowing, desiccation, and 3 to 4 mm broad based right paracentral disc protrusion causing mild effacement of the ventral thecal sac.  There is no spinal canal or neural foraminal stenosis.  L5-S1 with 2mm disc bulge with annular tear versus disc protrusion.  There is no effacement of the thecal sac and there is no spinal canal or neural foraminal stenosis."

(AR at 114-15).   In a June 7, 2001 report, Plaintiff's treating physician, Bruce A. Brown, M.D., noted x-ray findings of degenerative spondylosis at L4-5, L5-S1 facets bilaterally.  (AR at 164).  Dr. Brown also noted that Plaintiff "moved about the examining room with some antalgic motion in the lower lumbar spine."  (AR at 162).  The doctor obseved that "[t]here was 1+ tenderness over the L4-5 and L5-S1 facets bilaterally" and that "[t]race spasm is present of [*sic*] the paraspinal muscles."  (AR at 162).

These objective findings are consistent with Plaintiff's subjective symptoms of "some pain in the area of the L5-S1 facets bilaterally and above the hip on the left on a transient basis."  (AR at 162).  Based on these findings and his treatment relationship with Plaintiff, which began at least on March 25, 1999, Dr. Brown gave Plaintiff a restriction from heavy lifting.  (AR at 247, 164).  He also precluded Plaintiff "from pushing, pulling, carrying greater than 50 pounds, and is required

5

to alternate sitting and standing on a two hour basis with at least a 10 minute break for each two hour session.  The patient is precluded from repetitive squatting, kneeling and crawling.  I estimate a 50% loss of pre-injury capacity for the above activities."  (AR at 164).

The Commissioner argues that the medical records do not support the existence of a severe impairment. Specifically, the Commissioner points to the opinions of consultative examiner Gary Chen, M.D., and Donald V. Stevenson, M.D..  Dr. Stevenson's May 11, 2001 report opined that "[o]bjective factors of disability are absent."  (AR at 158). In his March 15, 2003 report, Dr. Chen noted that Plaintiff "complains of discomfort of the lower back."  (AR at 269).  The doctor opined that Plaintiff "is able to continue with normal activities without restrictions" and that "[h]e is currently recovered from his previous back sprain/strain." (AR at 269).  This evidence conflicts with that of Plaintiff's treating physician.  However, the opinions of these physicians are germane to the issue of overall disability, not to the more limited issue of whether Plaintiff's impairments have more than a minimal effect on Plaintiff's ability to perform work related activity.

Based upon the objective medical evidence, Plaintiff's treating physician found that Plaintiff's lower back injury, varicose veins in the groin, pain in lower back, groin, and legs could reasonably limit Plaintiff's ability to perform basic work activities. The determination that these impairments are not severe is thus not supported by substantial evidence.

Plaintiff's impairments and complaints of pain, while likely not preclusive of all exertional activity, are consistently and objectively documented in his medical records.  Given the minimal threshold required to show that an impairment is severe, the ALJ's determination that

Plaintiff's impairments were not severe was not supported by substantial evidence.

**V.  Conclusion**

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)(remanding case for reconsideration of credibility determination).

Here, the evidence shows an impairment which can be considered "severe" within the meaning of the Social Security Regulations but which might not prevent Plaintiff from performing his past work or other work in the economy. However, that is not a determination that this Court can make. Accordingly, the case is remanded for further evaluation in accordance with the five-step sequential process.

\\
\\
\\

**ORDER**

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence.

Accordingly, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this opinion.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

Dated:  March 10, 2006                    */S/ Marc L. Goldman*

                                          _____
                                          Marc L. Goldman
                                          United States Magistrate Judge